856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jerry H. ADAMS, Petitioner,
v.
DEPARTMENT OF the INTERIOR, Respondent.
 No. 88-3073.
 United States Court of Appeals, Federal Circuit.
 Aug. 11, 1988.
 
 Before EDWARD S. SMITH, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The initial decision of the Merit Systems Protection Board (board), which decision became final on November 27, 1987, docket No. DEO3518710213, sustaining the Department of the Interior's (agency) reduction-in-force (RIF) action as to Jerry H. Adams (Adams), is affirmed.
 
 OPINION
 
 2
 This court's standard of review of a board decision is set forth in 5 U.S.C. Sec. 7703(c) (1982). The board's decision must be sustained unless it is determined by us to be arbitrary, capricious, an abuse of discretion, in disaccord with the law, obtained without following procedures required by law, rule, or regulation, or is unsupported by substantial evidence.
 
 
 3
 Adams argues that the agency's RIF action is erroneous, as a matter of law, because the competitive area chosen by the agency is too narrow and is contrary to the Office of Personnel Management's (OPM) regulations that govern such actions. Adams contends that, regardless of its geographic confines, a competitive area must be under separate administration and that the agency committed legal error by premising its definition of competitive area on the commuting area. We are not persuaded by this argument.
 
 
 4
 The applicable OPM regulations define a competitive area in terms of an agency's organizational unit and geographical location. "In the field, the minimum competitive area is an activity [ (1) ] under separate administration [and (2) ] within the local commuting area." 5 C.F.R. Sec. 351.402(b) (1988). Both requirements must be met for a position to qualify within the same competitive area.
 
 
 5
 The "local commuting area" is defined as "any population center * * * and the surrounding localities in which people live and can reasonably be expected to travel back and forth daily to their usual employment." Id. Sec. 351.203. Here, because Lakewood, Colorado, is located 500 miles away from Albuquerque, New Mexico, Lakewood is obviously not within the local commuting area and, therefore, fails the second requirement of the test. On this basis, we conclude that the board correctly determined that, for purposes of its RIF action involving Adams, Lakewood is not within the competitive area of the Albuquerque area office. Accordingly, the board's decision is affirmed.